STATE OF NORTH CAROLINA v. THOMAS LEWIS ALSTON
AND LARRY BATTLE

No. 748SC208

(Filed 15 May 1974)

**Jury § 3— trial by thirteen jurors — prejudicial error**
    Defendants are entitled to a new trial where a thirteenth juror
    was selected and seated as an alternate, and participated in the de-
    liberation of the case. G.S. 9-18.

APPEAL from *Webb, Judge,* 10 September 1973 Session of
WAYNE County Superior Court. Argued in the Court of Appeals
16 April 1974.

Defendants were tried jointly in identical bills of indictment
with the offenses of assault with a deadly weapon with intent
to kill inflicting serious bodily injury and armed robbery. De-
fendants pled not guilty to all charges, and twelve jurors were
duly sworn and empanelled to try the case. A thirteenth juror
was selected and seated as an alternate. Following the instruc-
tions given by the court, all thirteen jurors retired, deliberated
and returned a verdict of guilty on all charges as to both defend-
ants. All jurors, including the alternate, were polled and stated
their acquiescence in the verdict. From the entry and signing of
judgment defendants appealed.

*Attorney General Morgan, by Associate Attorney Sloan, for
the State.*

*W. Dortch Langston, Jr., for Thomas Lewis Alston, defend-
ant appellant.*

*Cecil P. Merritt for Larry Battle, defendant appellant.*

MORRIS, Judge.

Although defendants present several assignments of error,
we limit our discussion to one of those assignments which,
standing alone, entitles defendants to a new trial. G.S. 9-18
provides that alternate jurors shall be discharged upon the final
submission of the case to the jury. The alternate juror in this
case was not discharged at that point, although all twelve regu-
larly empanelled jurors retired to the jury room. Examination
of the appellate decisions reveals that this precise factual sit-
uation has rarely arisen. However, the Supreme Court in *White-*

*hurst v. Davis,* 3 N.C. 113 (1800), awarded a new trial where a caveat was tried by thirteen jurors.

"It may be said, if thirteen concur in a verdict, twelve must necessarily have given their assent. But any innovation amounting in the least degree to a departure from the ancient mode may cause a departure in other instances, and in the end endanger or prevent this excellent institution from its usual course." *Id.*

A decision that a deliberation by thirteen jurors is error is compelled both by the statute and by the appellate decisions of the State. Defendants are entitled to a

New trial.

Judges CAMPBELL and VAUGHN concur.